**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **BAREHOLDTECH LLC**<br><br>*Plaintiff,*<br><br>v.<br><br>**DEXCOM, INC.**<br><br>*Defendant.* | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Bareholdtech LLC ("Plaintiff" or "Bareholdtech"), by and through its undersigned counsel, files this Complaint against Defendant Dexcom, Inc. ("Defendant" or "Dexcom") as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,944,342 entitled "Prescription Compliance Device and Method of Using Device" (the "'342 patent"; a copy of which is attached hereto as Exhibit A). Bareholdtech is the owner by assignment of the '342 patent. Bareholdtech seeks monetary damages.

**PARTIES**

2. Plaintiff Bareholdtech is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 3000 Custer Road, Suite 270-7000, Plano, TX 75075.

3. Upon information and belief, Defendant Dexcom is incorporated in Delaware. Defendant may be served through its agent for service of process Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5.      The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of Delaware and this district; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and this district; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and this district; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and this district. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware and this district, including, but not limited to, the infringing product and/or services as detailed below. Defendant is subject to this Court's jurisdiction pursuant to due process as Defendant is a resident of the State and all or a substantial portion of the acts of infringement occurred in the State of Delaware and this district.

6.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§1391(c) and 1400(b). On information and belief, Defendant is incorporated in Delaware, is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district. Defendant has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT 7,944,342

7. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-6 above.

8. The '342 patent was duly and legally issued by the United States Patent and Trademark Office on May 17, 2011. The '342 patent is in full force and effect. Plaintiff is the owner by assignment of the '342 patent and possesses all rights of recovery under the '342 patent, including the exclusive right to sue for infringement and recover past damages.

9. The '342 patent provides, among other things, a "method for facilitating patient compliance to medical therapy, compromising: measuring therapy compliance of a patient using a device connected to a base station via a wireless connection; transmitting the therapy compliance measurements to the base station via the wireless connection; storing the therapy compliance measurements at the base station; evaluating patient compliance at the base station based on the stored therapy compliance measurements; identifying instances in the evaluating in which patient compliance meets predetermined compliance requirements; and sending a notification, about one or more of the instances, to a party based on patient compliance such that action can be taken by the party." (Claim 1 of the '342 patent).

10. The '342 patent further provides, among other things, a "monitoring device for facilitating patient compliance to medical therapy, comprising: a measuring unit configured to measure therapy compliance of a patient; and a communication unit configured to connect to a base station which stores the therapy compliance measurements at the base station, evaluates patient compliance at the base station based on the stored therapy compliance measurements, identifies instances in the evaluating in which patient compliance meets predetermined compliance requirements and sends a notification, about one or more of the instances, to a party based on patient compliance such that action can be taken by the party, and to transmit the

therapy compliance measurements to the base station." (Claim 3 of the '342 patent).

11. Defendant owns, operates (including by at least internally testing), advertises, controls, sells, and otherwise provides systems and devices that infringe the '342 patent, including at least claims 1 and 3.

12. ***Direct Infringement***. Defendant directly or through intermediaries, made, had made, used (including by at least internally testing), imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems for facilitating patient compliance to medical therapy that infringed one or more claims of the '342 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses (including by at least internally testing), provides, offers for sale, and sells their product entitled Dexcom G5 CGM System ("Accused Instrumentality") which directly and/or indirectly, and/or under the doctrine of equivalents, infringes the '342 patent.



*Source*: https://www.dexcom.com/g5-mobile-cgm

In addition, should use of the accused devices be found to not literally infringe the asserted claims of the '342 patent, use of the Accused Instrumentality would nevertheless infringe the

asserted claims of the '342 patent. More specifically, the Accused Instrumentality perform substantially the same function, in substantially the same way, to yield substantially the same result. Defendant would thus be liable for direct infringement under the doctrine of equivalents.

13. ***Induced Infringement***. Defendant also infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to infringement of the '342 patent in the State of Delaware, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods and systems claimed by the '342 patent, and advising, instructing, encouraging, contributing, or otherwise inducing others to perform the remaining steps claimed by the '342 patent to the injury of Plaintiff. Defendant directly and/or indirectly intentionally instructs its customers to infringe the '342 patent. Through its actions, Defendant has actively induced product makers, distributors, retailers, and/or end users of the Accused Instrumentality to infringe the '342 patent throughout the United States, including within this judicial district.

14. Since at least the filing date of this Complaint, Defendant has had knowledge of the '342 patent, and by continuing the actions described above, has had specific intent to induce infringement of the '342 patent pursuant to 35 U.S.C. § 271(b).

15. The Accused Instrumentality is especially made or adapted for infringing the '342 patent and has no substantial non-infringing use.

16. ***Willful Infringement***. Defendant is willfully and intentionally infringing the '342 Patent from at least the date of the filing of this lawsuit.

17. Defendant may have infringed the '342 patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Instrumentality, including through the sale and distribution of third party apps, software, and

devices that allow a user of the Accused Instrumentality to infringe the '342 patent.

18. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Plaintiff reserves the right to modify its infringement theories as discovery proceeds in this case, and Plaintiff shall not be estopped for claim construction purposes by its preliminary infringement analysis provided in this Complaint. Plaintiff's preliminary infringement analysis does not limit its final claim construction positions.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

   A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '342 patent;

   B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. An award to Plaintiff for its costs, attorneys' fees, expenses, and interest;

D. An accounting of all infringing sales including, but not limited to, those sales not presented at trial;

E. Any further relief that this Court deems just and proper.

**Dated: August 8, 2017**                    Respectfully Submitted,

**STAMOULIS & WEINBLATT LLC**

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
  stamoulis@swdelaw.com
Richard C. Weinblatt #5080
  weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

     */s/ Clinton Cox*
**CLINTON COX**
*Seeking Pro Hac Vice Admission*
Texas Bar No. 24040738
  ccox@feesmith.com
**MATT B. BROWER**
*Seeking Pro Hac Vice Admission*
Texas Bar No. 24094563
  mbrower@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]

**ATTORNEYS FOR PLAINTIFF
BAREHOLDTECH LLC**